**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:15-CR-00017-RLV-DCK**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | **ORDER** |
| HEATHER RENEE MILLER, | ) ) ) | |
| Defendant. | ) ) ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's Motion for Reconsideration of the Order denying her Motion to Re-Enter Judgment (the "Motion"). [Doc. Nos. 42 & 44]. The United States' has not filed an opposing memorandum. For the reasons that follow, the Court **DENIES** the Motion.

## I.  BACKGROUND

On January 26, 2015, a criminal complaint was filed with this Court charging the Defendant with, *inter alia*, possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B. [Doc. No. 1] at p. 1. On February 19, 2015, Defendant was indicted by the Grand Jury. [Doc. No. 20]. Thereafter, on April 9, 2015, Defendant plead guilty to the charge of possession with intent to distribute. [Doc. No. 28]. On February 1, 2016, Defendant was sentenced by this Court, and the Judgment followed on February 2, 2016. [Doc. No. 38]. During sentencing, Defendant was advised of her appeal rights. Defendant, however, has never filed a notice of appeal and the time to do so has since expired. *See* Fed. R. App. Pro. 4(b)(4).

On April 5, 2016, Defendant filed a motion requesting that this Court re-enter its Judgment so as to apparently "revive" the Defendant's right to seek an appeal from this Court's Judgment.

In that motion, the Defendant's counsel represented that he had forwarded the Court's Judgment to his client. *See* [Doc. No. 40] at p. 1 (¶ 4). Because there was no evidence to the contrary, the Court presumed the Defendant received the Judgment and was aware of it. For that reason, the Court denied the prior motion. *See* [Doc. No. 42]. Now, Defendant's counsel has filed the instant Motion and requests the Court reconsider its previous order based on new facts. *See* [Doc. No. 44]. In the Motion, Defendant's counsel represents that, although he mailed the Court's Judgment to the Defendant, the Judgment was never delivered nor returned, and that Defendant "never received" actual notice of the Court's Judgment. *See id.* at pp. 1-2.

## II. DISCUSSION

It is well-established that the filing deadlines for direct appeals under Rule 4 of the Federal Rules of Appellate Procedure are "mandatory and jurisdictional." *See*, *e.g.*, *United States v. Raynor*, 939 F.2d 191, 196 (4th Cir. 1991); *United States v. Schuchardt*, 685 F.2d 901, 902 (4th Cir. 1982) (per curiam); *see also United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 51 (2d Cir.2001) (per curiam) ("The Fed. R. App. P. 4 time requirements for taking an appeal have been treated as especially rigid, and a federal court's authority to extend or suspend those limits is narrowly limited."). Under Rule 4(b), a defendant must file a notice of appeal within 14 days of the later of the entry of judgment by the district court or the notice of appeal by the government. Fed. R. App. P. 4(b)(1).

Upon a proper and timely motion from the defendant, the court may extend this deadline up to 30 days, but no longer. *See* Fed. R. App. P. 4(b)(4); *accord* Fed. R. App. P. 26(b) ("[T]he court may not extend the time to file . . . a notice of appeal (except as authorized by Rule 4) or a petition for permission to appeal."); *see also United States v. Alvarez*, 249 Fed. App'x 303, 304 (4th Cir. 2007) ("The district court only has authority . . . to extend the time to file a notice of

appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." (quotation marks omitted)). After the expiration of the 30-day extension period, the court of appeals is divested of jurisdiction to hear the direct appeal. *See Schuchardt*, 685 F.2d at 902. A district court abuses its discretion in enlarging the time for a defendant to file a notice of appeal beyond the confines of Rule 4(b)(4). *See Alvarez*, 249 Fed. App'x at 304.

Here, the Defendant was advised of her appeal rights during her sentencing hearing. *See*, *e.g.*, [Doc. No. 40] at p. 1. Defendant's appeal rights under Rule 4(b)(1)(A), and the time for extending such rights under Rule 4(b)(4), have since expired. This Court cannot exercise its discretion to reopen or "revive" the Defendant's right to file an appeal under these circumstances. *See Alvarez*, 249 Fed. App'x at 304. Further, to the extent the Defendant requests that the Judgment be vacated and re-entered for the sole purpose of reviving the Defendant's appeal rights, such a request must also be denied. Granting the Defendant's request on that ground would blatantly circumvent the limited authority and discretion granted under Rule 4(b). Indeed, such a loophole would permit this Court to unilaterally *confer* jurisdiction to the Court of Appeals at the undersigned's discretion – a result that is obviously not contemplated by the Rules or case law.

Though Defendant's counsel has corrected his prior representation that the Defendant received notice of the Judgment at the time of mailing, (Doc. No. 44) at pp. 1-2, counsel has not pointed the Court to any authority which holds that lack of actual notice indefinitely prolongs a district court's discretion to extend the appeal deadlines of Rule 4. No contrary authority having been presented, the Court finds that Rule 4 does not provide for an "actual notice" exception to the appellate court's jurisdictional deadlines. Rule 4 clearly indicates that the time period in which an appeal may be filed runs at the later of *entry* of judgment by the district court or the notice of appeal by the government. Fed. R. App. P. 4(b)(1). Here, the Government did not file a notice of

appeal, therefore the time period for filing an appeal began to run when Judgment was *entered* by the Court, not the date on which Defendant received actual notice of the Judgment.[1] Thus, the Defendant's request must be rejected once more.

Even so, the Court presumes that the Defendant has actually received notice of the Court's Judgment, considering that she has advised counsel of her desire to seek an appeal. Yet, a quick look at the docket reveals that no notice of appeal has been filed. Assuming a district court's authority to extend an appeal deadline *is indefinitely* extended while a defendant lacks actual notice of a judgment, surely such deadlines will begin to run as soon as the defendant receives actual notice. Here, Defendant has received actual notice but has still failed to comply with applicable appeal deadlines. Therefore, again, because Defendant has pointed the Court to no authority allowing for the relief requested, and because the Court is not aware of any, the Motion must be denied.

Accordingly, the Defendant's Motion for Reconsideration (Doc. No. 44) is hereby **DENIED**.

**SO ORDERED**.

Signed: July 6, 2016

Richard L. Voorhees
United States District Judge

---

[1] Were actual notice the standard, any defendant could circumvent appeals deadlines by simply covering their eyes and ears. The Court will not endorse this approach. It is presumed that the parties and their counsel watch the Court's docket and are well aware of any filings that may concern them.