IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00169-RLV
(5:15-cr-00017-RLV-DCK-1)

| | | |
|---|---|---|
| HEATHER RENEE MILLER, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence which is filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, Petitioner's § 2255 Motion to Vacate will be dismissed.

I. BACKGROUND

On February 19, 2015, Petitioner was indicted in this District on one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One); one count of possession of methamphetamine with intent to distribute, and aiding and abetting the same, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2 (Count Two); and one count of possession of a firearm in furtherance of a drug trafficking crime, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Three). (5:15-cr-00017, Doc. No. 20: Indictment).

On April 9, 2015, Petitioner pleaded guilty pursuant to a written plea agreement to Count Two in exchange for the Government's agreement to dismiss Counts One and Three. (Id., Doc. No. 26: Plea Agreement; Doc. No. 28: Acceptance and Entry of Guilty Plea). Prior to entry of her guilty plea, the Government filed the following Factual Basis:

1

5. On or about January 25, 2015, in Catawba County, within the Western District of North Carolina, the **Defendant, Heather Renee MILLER**, possessed with intent to distribute methamphetamine.

6. On January 25, 2015, a confidential informant (CI) -- whose statements have been corroborated to the extent possible and have not been found to be untruthful; thus, he is deemed by law enforcement to be credible and reliable -- stated that **Defendant MILLER's** boyfriend, Brian Len LEDFORD, was in possession of a distribution amount of methamphetamine. That same day, law enforcement in Catawba County stopped **Defendant Heather Renee MILLER**, who was driving, with passenger LEDFORD, and found them in possession of approximately 40 grams of methamphetamine. They also located a handgun in the passenger door compartment. The total amount of methamphetamine (actual) from the approximate 40 grams seized is in excess of 5 grams.

7. During a post-Miranda confession, **Defendant MILLER** admitted that she had been friends with LEDFORD since May 2014 and witnessed him conduct 10 or more methamphetamine transactions. According to the report of the debriefing, she had seen him with 2 ounces or more of methamphetamine 3 to 4 times and has seen him with 1 ounce or more of methamphetamine on more than 10 occasions. Prior to this weekend, **MILLER** believes LEDFORD did drug transactions with her former roommate who was a known meth dealer. She never witnessed the hand to hand deals, but believes he visited her roommate on at least 10 occasions to deal drugs. **MILLER** also stated that LEDFORD always had a handgun on him that he stated was for protection in the event of an attempted robbery.

8. In total, the amount of a mixture and substance containing a detectable amount of methamphetamine that was known to or reasonably foreseeable by the **Defendant** was in excess of three hundred and fifty (350) grams but less than five hundred (500) grams.

9. The discovery reflects the handgun was located in the driver side door compartment. Otherwise, the Factual Basis appears to be a complete description of the offense conduct.

(<u>Id.</u>, Doc. No. 33: Presentence Report (PSR)).

In Petitioner's PSR, the probation officer calculated a base offense level of 28 based on the amount of methamphetamine that was known to or reasonably foreseeable to Petitioner in the distribution scheme (more than 350 but less than 500 grams), and

applied a two-level enhancement based on Petitioner's possession of a loaded 22 caliber handgun pursuant to § 2D1.1(b)(1) of the U.S. Sentencing Guidelines Manual (USSG) (2014). A two-level decrease in her Guidelines range was recommended under USSG § 3B1.2(b) because the probation officer concluded that she was a minor participant in the methamphetamine distribution scheme. After adjusting for acceptance of responsibility, Petitioner's total offense level was 25, and with a criminal history category of I, Petitioner's Guidelines range was 57-71 months' imprisonment. However, Petitioner's statutory range was no less than 60-months; therefore her Guideline range increased to 60-71 months in prison. (Id. ¶ 55).

On February 1, 2016, Petitioner was sentenced to 70-months' imprisonment and she did not appeal. (Id., Doc. No. 38: Judgment).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In this collateral proceeding, Petitioner first contends that she is entitled to sentencing relief because she had no knowledge there was a firearm in the vehicle that she was driving when she was stopped with Ledford on January 25, 2015, and that she had never been involved in drug

3

distribution prior to being arrested on January 25. Petitioner also contends that she was only driving the vehicle on the day of her arrest because she had never driven a new car before and this was apparently her first opportunity. (5:16-cv-00169, Doc. No. 1: Motion to Vacate at 4-5).

Petitioner's claim that she did not know that Ledford possessed a gun will be denied because as this Court found during her sentencing hearing, the two-level enhancement for possession of the .22 caliber handgun was applicable to the calculation of Petitioner's Guidelines range based on the evidence obtained from Petitioner's own statements to law enforcement following her arrest. Moreover, Petitioner did not object to the PSR in which the probation officer concluded that the two-level gun enhancement should apply.

Petitioner's claim that she had never been involved in "illegal dealings" will likewise be rejected because Petitioner does not contend that she is not guilty of the drug possession with which she was charged following her January 25 arrest, and to which she offered her solemn plea of guilty.

Petitioner's second claim for relief – that she was only driving the car on January 25 because she had never driven a new car – will be dismissed because it fails to alert this Court as to how this could entitle her to collateral relief.

Finally, Petitioner's objection to her Guidelines range and her blank challenge to the performance of her trial counsel will be dismissed as conclusory.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's § 2255 Motion to Vacate is without merit and it will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate is **DENIED** and

**DISMISSED WITH PREJUDICE**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk is respectfully directed to close this civil case.

**SO ORDERED**.

Signed: September 26, 2016

*[signature]*

Richard L. Voorhees
United States District Judge